**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**TONY J. PRICE**                                                                             **PLAINTIFF**


**VERSUS**                                              **CIVIL ACTION NO.: 1:15CV36-SA-DAS**


**GREG ELDER and THE CITY OF
BALDWYN, MISSISSIPPI**                                                         **DEFENDANTS**

**JURY TRIAL DEMANDED**

_____

**SECOND AMENDED COMPLAINT**
_____

This is an action to recover actual and punitive damages for use of unreasonable force against Plaintiff in violation of his rights protected by the Fourth Amendment of the United States Constitution and for using force against Plaintiff in retaliation for exercising his right to free speech protected by the First Amendment of the United States. The following facts support this action:

1.

Plaintiff TONY J. PRICE is an adult resident citizen of 425 South Second Street, Baldwyn, Mississippi 38824.

2.

Defendant GREG ELDER (hereinafter "Defendant Elder") is an adult resident citizen of Mississippi. Defendant Elder may be served with process by service upon him at 920 North Fourth Street, Baldwyn, Mississippi 38824. At all relevant times, Defendant Elder was a police officer of the City of Baldwyn, Mississippi.

Defendant CITY OF BALDWYN, MISSISSIPPI (hereinafter "Defendant City") is a political subdivision of the State of Mississippi. Defendant City may be served with process by service upon its Mayor, Michael James, at 202 South Second Street, Baldwyn, Mississippi 38824.

At all relevant times, all Defendants acted under color of state law.

3.

This Court has civil rights jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1331, for violations of the First and the Fourth Amendments to the United States Constitution, to address a cause of action authorized by 42 U.S.C. § 1983.

4.

On or about March 30, 2013, Plaintiff was sitting in his car parked on his own lot, when Defendant Elder told Plaintiff he was under arrest for a suspended driver's license. Plaintiff responded to Defendant Elder that he was not driving. When Plaintiff arrived at the jail, Defendant Elder and another officer whom Plaintiff does not know, questioned Plaintiff about the whereabouts of Raymond Price. The two officers, including Defendant Elder, told Plaintiff that they would drop any charge against him if he would find Raymond Price. Plaintiff told them he did not know where Raymond Price was.

5.

When Plaintiff went to court in response to the March 30, 2013 charge for suspended driver's license, Defendant Elder told Plaintiff that he did not believe that Plaintiff tried to find Raymond Price, and, therefore, he was charging Plaintiff with DUI. Plaintiff was then charged with DUI-first and suspended driver's license for which Plaintiff was found guilty. Plaintiff appealed his convictions for this incident of March 30, 2013 to Lee County Court and that appeal remains

pending. Plaintiff appealed because he was not driving and could not have been guilty of either charge. The real reason for Plaintiff's arrest was his failure to find Raymond Price. Plaintiff does not sue for this incident of March 30, 2013 because he was convicted. Plaintiff alleges paragraphs 4 and 5 of this Complaint as background information to demonstrate why Defendant Elder is hostile toward him.

6.

On the same date he appeared in court in response to the incident on March 30, 2013, Defendant Elder told Plaintiff that it did not matter that he had not produced Raymond Price because he (Elder) found Raymond Price and had "whipped his [Raymond Price's] ass."

7.

On May 16, 2013, Plaintiff stopped at the home of his cousin, Tamika Scales. Plaintiff got out of his vehicle and knocked on Scales' door. After Plaintiff had knocked on Scales' door, Defendant Elder approached him and told him that he was again under arrest for suspended driver's license. Plaintiff told Defendant Elder that he was not driving. Plaintiff started to walk away and told Defendant Elder that he was going to the Mayor to complain. Defendant Elder then grabbed Plaintiff and handcuffed his hands behind him. With Plaintiff's hands handcuffed behind him, Defendant Elder hit Plaintiff approximately four (4) times in the back of his neck and jaw. Defendant Elder then hit Plaintiff with a severe blow in his back, knocking Plaintiff to the ground. Plaintiff immediately experienced severe pain in his left shoulder. Defendant Elder then picked Plaintiff up by his handcuffs, causing further pain in his left shoulder.

8.

Plaintiff continued to have severe pain in his left shoulder. Dr. Mitchell Massey performed surgery on Plaintiff's left shoulder on April 10, 2014. While Plaintiff believes that Defendant Elder's severe blow to his back caused his injury to his left shoulder, Dr. Massey entered his medical opinion that he does not believe that this caused the injury, but believes that it aggravated a previous condition. See Dr. Massey's medical records attached hereto as Exhibit "A."

9.

The force used against Plaintiff on May 16, 2013 was excessive and unreasonable, thus violating the Fourth Amendment to the Untied States Constitution.

10.

The force used against Plaintiff on May 16, 2013 was in retaliation for Plaintiff's exercise of his First Amendment rights by telling Defendant Elder that he was going to see the Mayor to complain about the use of force. The arrest, thus, violated Amendment One of the United States Constitution.

11.

Under the Mississippi Tort Claims Act, the Mississippi legislature manifested an intent that the Defendant City indemnify Defendant Elder for the injuries inflicted in the course and scope of his employment. For the purpose of the Mississippi Tort Claims Act, the injuries were inflicted in the course and scope of Defendant Elder's employment. Defendant City is, therefore, an appropriate defendant and should be held ultimately liable for Defendant Elder's acts; alternatively, the judgment should be against Defendant Elder with a provision that Defendant City indemnify Defendant Elder for the amount of the judgment.

12.

Since the filing of Plaintiff's original Complaint, Plaintiff has learned that Defendant Elder

engaged in a pattern of abuse of citizens.  This includes the following:

A.  Arrest without probable cause in the case styled, *Floyd and Steen v. Greg Elder,* in the Northern District of Mississippi, Civil Action No. 1:14cv61-A-S.  A copy of this Complaint is attached hereto as Exhibit "B."

B.  The use of excessive force against Joshua Grice.  This excessive force is described in the case styled, *Grice v. City of Baldwyn, MS and Officer Greg Elder*, Civil Action No. 1:15cv074-SA-DAS.  A copy of this Complaint is attached hereto as Exhibit "C."

C.  The use of excessive force against Raymond Price.  This use of excessive force was admitted by Raymond Price when Defendant Elder told Plaintiff that he had "whipped his (Raymond Price)'s ass."

D.  The incident that appears on You Tube when a student throws a cup onto the field, after which Defendant Elder, without any provocation or excuse, assaults the student, throwing him violently to the ground.  This incident may be seen at https://www.youtube.com/watch?v=mIHyjYGJtSk.

13.

Because of the number of incidents of violation of constitutional rights about which Plaintiff

knows, it is likely that there are other incidents about which Plaintiff does not know.

14.

Furthermore, Plaintiff has learned that there is an ongoing FBI investigation of Defendant

Elder for the use of unreasonable force.  Plaintiff has been interviewed by the FBI in connection

with this investigation.

15.

Because of the above information, Plaintiff believes that discovery will reveal that Defendant

City should be liable to Plaintiff because it has failed to train Defendant Elder to refrain from

5

violation of citizens' constitutional rights or because of a number of incidents in which Defendant Elder has been involved, such as to manifest a policy of "custom" for Defendant City.

16.

Plaintiff has suffered mental anxiety and stress as a result of Defendants' actions.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages against Defendant Elder and actual damages against Defendant City in an amount to be determined by a jury. Plaintiff further requests that the Court declare and adjudicate that the injuries inflicted against Plaintiff were inflicted in the course and scope of employment, such that Defendant City is liable for indemnification of Defendant Elder pursuant to the Mississippi Tort Claims Act. Plaintiff also requests reasonable attorneys' fees, costs and expenses.

Respectfully submitted, this the 13th day of August, 2015.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.

BY: */s/ Jim Waide*
      JIM WAIDE
      MS BAR NO. 6857
      RON L. WOODRUFF
      MS BAR NO. 100391

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: waide@waidelaw.com

ATTORNEYS FOR PLAINTIFF

6

## CERTIFICATE OF SERVICE

  This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

  **Gary E. Friedman, Esq.**
  **friedmag@phelps.com**
  **reevesk@phelps.com**
  **barnetts@phelps.com**

  **Mark D. Fijman, Esq.**
  **fijmanm@phelps.com**
  **reevesk@phelps.com**
  barnetts@phelps.com

  DATED, this the 13th day of August, 2015.


        ***/s/ Jim Waide***     
        JIM WAIDE