IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TONY G. PRICE                                                                                         PLAINTIFF

V.                                                                            CAUSE NO. 1:15-CV-36-SA-DAS

GREG ELDER and
THE CITY OF BALDWYN, MISSISSIPPI                                                                  DEFENDANTS

MEMORANDUM OPINION

Tony Price alleges that in May 2013, Officer Greg Elder of the City of Baldwyn Police Department arrested him for driving with a suspended license, and assaulted him in the process. Price commenced this action, bringing claims of Fourth Amendment excessive force and First Amendment retaliation against Officer Elder and Baldwyn. Price additionally pursued a claim of *respondeat superior* liability against Baldwyn, and sought to compel Baldwyn to indemnify Officer Elder for any judgment against him.

Officer Elder and the City of Baldwyn moved for partial summary judgment on the First Amendment retaliation claim against Officer Elder and on all claims against Baldwyn. By memorandum opinion and order, the Court granted Officer Elder's request for summary judgment on the First Amendment claim, and dismissed the substantive claims and *respondeat superior* claim against Baldwyn. The Court ordered additional briefing on Baldwyn's request for summary judgment as to the indemnity claim. In their briefing, the parties argued regarding Price's standing to pursue indemnity and several interrelated substantive issues. After reviewing the parties' submissions and the relevant authorities, the Court finds that Price possesses the requisite standing, and that a resolution on the merits of his claim at this early stage would be imprudent, such that summary judgment must be denied.

*Discussion and Analysis*

**Standing**

Federal court standing imposes two restrictions on litigants: "Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing, which embodies 'judicially self-imposed limits on the exercise of federal jurisdiction[.]" *Servicios Azucareos de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 801 (5th Cir. 2012) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004)).

Focusing on the prudential aspects of standing in response to the Court's briefing directive, Baldwyn argued that Price was beyond the "zone of interests" of the MTCA's indemnity provision. Indeed, in certain actions, a plaintiff "may not sue unless he falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint.'" *Servicios Azucareos de Venezuela, C.A.*, 702 F.3d at 802 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990)) (internal quotation marks omitted).

The Fifth Circuit has clarified, however, that the "zone of interests" prudential standing requirement does not apply in this type of case. *Servicios Azucareos de Venezuela*, 702 F.3d at 802. The Supreme Court's "zone of interests" jurisprudence stems from an interpretation of the federal Administrative Procedures Act ("APA"), *see Lujan*, 497 U.S. at 883, 110 S. Ct. 3177, which authorizes suit to challenge an agency action by any "person . . . adversely affected or aggrieved . . . within the meaning of a relevant statute . . . ." 5 U.S.C. § 702. Recognizing this context, the Fifth Circuit "agree[s] with the view that the zone-of-interests test is an additional standing requirement only in cases seeking review of agency decisions under the APA."

*Servicios Azucareos de Venezuela*, 702 F.3d at 802 (numerous citations omitted).[1] Because this case does not involve review of an agency decision under the APA, Price may proceed so long as he has otherwise articulated a sufficient Article III injury. *See id.*

In this regard, Baldwyn urges that Price does not *yet* possess the injury necessary to pursue an indemnity claim, as there has been no judgment or settlement against Officer Elder. This attack on the maturity of Price's claim, which may be seen as an argument concerning ripeness, is not well taken. Federal Rule of Civil Procedure 18(b) permits a party to "join two claims even though one of them is contingent on the disposition of the other . . . ." This rule, as a leading treatise recognizes in the insurance context, permits an injured party to join a claim against the primary defendant with a claim against the defendant's indemnitor, at least where substantive state law does not prohibit such joinder. 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 1594. Neither the MTCA nor Mississippi case law contains such a prohibition;[2] thus, there is no reason why Rule 18(b) would not allow Price's contingent indemnity claim.

For these reasons, the Court is satisfied that Price has standing to proceed against Baldwyn. The Court now turns to the merits of Price's indemnity claim.

**Course and Scope**

Chiefly, the MTCA functions as a waiver of sovereign immunity and establishes government entities' liability for torts of their employees that act "within the course and scope of their employment . . . ." MISS. CODE ANN. § 11-46-5(1). Additionally, for civil damage claims

---

[1] As an exception to the Fifth Circuit's holding, the "zone of interests" analysis would import into the non-agency setting if statutory basis for a claimed violation includes a similar limitation as the APA, such as Title VII's use of the word "person aggrieved". *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 177-78, 131 S. Ct. 863, 178 L. Ed.

[2] Though the rights and duties of this case are analogous to those in an insurance case, Mississippi's traditional prohibition of direct actions by a plaintiff against the tortfeasor's insurer would not apply to this direct action, which is based not on an insurance contract, but on a statutory obligation imposed by the MTCA. *See* JEFFREY JACKSON & D. JASON CHILDRESS, MISSISSIPPI INSURANCE LAW AND PRACTICE § 19:1 (noting prohibition of direct actions against insurer, rooted in longstanding policy against jury's consideration of insurance in tort action).

against an employee arising out of conduct "within the course and scope of his employment[,]" the MTCA provides that the employing government entity "shall be responsible" for supplying a defense and paying a judgment against the employee. MISS. CODE. ANN. § 11-46-7(3). This provision, and specifically the indemnity obligation, represents Price's only remaining claim against Baldwyn.

To prove Baldwyn's obligation to indemnify, Price will have to demonstrate that Officer Elder acted "within the course and scope" of his employment. MISS. CODE. ANN. § 11-46-7(3). For MTCA purposes, the course and scope of employment never extends to conduct constituting "fraud, malice, libel, slander, defamation" or a non-traffic violation "criminal offense . . . ." MISS. CODE. ANN. § 11-46-5(2); *see also City of Jackson v. Powell*, 917 So. 2d 59, 73 (Miss. 2005). Further, this Court and the Southern District of Mississippi have held that certain allegations of excessive force constituted criminal assault under Mississippi law, removing the employee from the course and scope of his employment.[3] *Nelson v. Sparks*, 1:15-CV-26-SA, 2016 WL 55350, at *3 (N.D. Miss. Jan. 4, 2016); *Tyson v. Jones Cnty., Miss.*, No. 2:07-CV-75-KS, 2008 WL 4602788, at *7 (S.D. Miss. Oct. 15, 2008) ("[T]here can be no dispute that the actions of excessive force alleged by [the plaintiff]—if proven—would constitute criminal acts . . . .").

Thus at trial, Officer Elder's conduct may be found malicious or found to be criminal acts that would take him outside the realm of MTCA indemnity. Or his actions may be found reasonable and compliant with the Fourth Amendment, in which case there will be nothing to indemnify. Either outcome would require little statutory construction or constitutional analysis, and would fully resolve Price's remaining claim against Baldwyn. Because Price's indemnity

---

[3] Baldwyn has not yet made this criminal-act argument, though Plaintiff has raised the issue in an attempt to demonstrate a conflict of interest with Officer Elder and his counsel, who also represents Baldwyn.

claim against Baldwyn may hinge on the determination of liability against Officer Elder and an evaluation of Officer Elder's conduct, the Court finds that it would be imprudent to resolve the indemnity question at this early stage.

**Other Substantive Questions**

If the Court finds Officer Elder acted within the course and scope of his employment with Baldwyn, there are other more complex impediments to Price's indemnity claim. Specifically, the Court would have to find that the MTCA's pre-suit notice requirements do not apply to his indemnity claim;[4] that the MTCA's indemnity provision was intended to cover federal Section 1983 claims; and that the MTCA is incorporated into federal law by Section 1988 or may constitutionally serve as an independent basis for liability against Baldwyn. These issues present multiple *Erie* guesses of Mississippi law and difficult questions of federal statutory interpretation and constitutional analysis. Moreover, the Court's research and the parties' briefing reflect a dearth of controlling Mississippi, Fifth Circuit, or United States Supreme Court precedent.

In the absence of clear guidance, given the complexity involved, and consistent with the Court's duty to avoid resolving constitutional issues where possible, *see In re BP RE, L.P.*, 735 F.3d 279, 284-85 (5th Cir. 2013), the Court will defer these additional substantive questions until trial, where they may be re-urged if necessary.

*Conclusion*

The Court "has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989). Indeed, "an appraisal of the legal issues may lead a court to exercise its discretion and deny

---

[4] Contrary to Baldwyn's position, the notice prerequisites "are not jurisdictional," but rather "substantive requirements, which are no more or less important than a statute of limitations." *Stuart v. Univ. of Miss. Med. Ctr.*, 21 So. 3d 544, 550 (Miss. 2009).

summary judgment in order to obtain the fuller factual foundation afforded by a plenary trial." 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 2728.

In accordance with this discretion, the Court denies the Defendants' Motion for Partial Summary Judgment [69] as to Price's claim for MTCA indemnity. Baldwyn may re-urge its arguments at trial. A separate order to this effect shall issue this day.

SO ORDERED, this the 20th day of June, 2016.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE